OPINION
Defendant-appellant, Floyd Rosemond, appeals the decision of the Cuyahoga County Court of Common Pleas, Criminal Division, finding him to be a sexual predator under R.C. 2950.09. Defendant-appellant raises eleven assignments of error. This court, finding no error, affirms the decision of the trial court.
On September 10, 1991, defendant-appellant was indicted on one count of rape in violation of 2907.02 and one count of kidnaping in violation of R.C. 2905.01. A capias was issued for his arrest. On February 12, 1997, defendant-appellant pled not guilty to the charges. On April 16, 1997, defendant-appellant withdrew his former plea of not guilty and pled guilty to the lesser included offense of attempted rape. Upon recommendation of the prosecutor, count 2 was nolled.
On June 19, 1997, defendant-appellant was sentenced to imprisonment for a term of five (5) to fifteen (15) years. Moreover, pursuant to the enactment of H.B. 180, the trial court held a hearing on the applicability of the sexual predator classification under R.C. 2950.09. The court subsequently found defendant-appellant to be a sexual predator. Defendant-appellant files this appeal.
Defendant-appellant assigns the following errors for review concerning the constitutionality of R.C. Chapter 2950:
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATED ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180 AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 10, OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE THE CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATIVE STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
After a complete review of the record and briefs of counsel, we overrule defendant-appellant's assigned errors concerning the constitutionality of R.C. Chapter 2950 based upon the recent Ohio Supreme Court ruling in State v. Cook (1998), 83 Ohio St.3d 404 and this courts interpretation of Cook in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. In those cases it was held the notification, registration and verification provisions are remedial in nature as opposed to punishment, and that R.C. Chapter 2950 is constitutional in toto. Accordingly, to avoid unnecessary duplication and preserve judicial resources, we overrule defendant appellant's first, fourth, fifth, sixth, seventh, eighth, ninth and tenth assignments of error.
In his second assignment of error, defendant-appellant states:
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF "RIGHT TO CROSS EXAMINE" THE EVIDENCE AGAINST APPELLANT (SIC).
Defendant-appellant argues the hearing did not comport with the procedural mandates of R.C. Chapter 2950. Specifically, he argues the determination of his future behavior was based solely upon past conviction data and a stale pre-sentence report. Defendant-appellant argues not only that this evidence is insufficient to support the court's determination, but also that this type of evidence cannot be cross-examined thereby denying him his rights under H.B. 180. We disagree.
In this case, the trial court sentenced defendant-appellant and immediately conducted a hearing on the classification as a sexual predator. The court stated in the record that it had recently reviewed the facts of the case and reviewed the record concerning defendant-appellant's background; i.e., no prior convictions. The court noted the various acts of rape against the young girl which occurred between the ages nine (9) to eleven (11) and the fact that he threatened to kill her, her mother and burn the house down if she told anyone of his conduct.
The trial court subsequently afforded defendant-appellant the opportunity to testify, present evidence, and call witnesses. Defense counsel chose not to call any witnesses or present any evidence in rebuttal. Instead, defense counsel argued: 1) the application of H.B. 180 constitutes a retroactive application of the classification law and is therefore unconstitutional, 2) the second and third hand reports contained in the pre-sentence report do not constitute sufficient evidence supporting a finding that defendant-appellant is a sexual predator, and 3) the sexual predator hearing should be held prior to his release and was therefore, premature and prejudicial.
The trial court noted the constitutional objections for the record. The court then reasoned that the hearing was timely since the judge who handles the case is present and the facts were still fresh in the judge's memory. Not only do we find these appropriate considerations, but R.C. 2950.09(B)(1) specifically provides the classification hearing may be part of the sentencing hearing since the sexually oriented offense was a felony.
We find after a review of the record that the trial court conducted the hearing in accordance with R.C. 2950.09 and afforded defendant-appellant the procedural safeguards put in place for the protection of defendant-appellant's right to due process. That defendant-appellant chose not to testify, call witnesses, or present any evidence in support of his position does not invalidate an otherwise proper classification hearing. Defendant-appellant's second assignment of error is not well taken.
Defendant-appellant states as his third assignment of error:
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Defendant-appellant argues there was insufficient evidence upon which the trial court classified defendant-appellant as a sexual predator. Specifically, defendant-appellant argues to be considered a "sexual predator," there must be clear and convincing evidence that defendant-appellant is likely to commit a future sexually oriented offense. Since the state failed to present such clear and convincing evidence, defendant-appellant argues the trial court's adjudication was based upon insufficient evidence.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to R.C. 2950.09(B)(3), the trial court's determination must be based upon clear and convincing evidence.
Again, the trial judge noted that she reviewed the facts and circumstances of this case as well as defendant-appellant's background. The trial court went on to state defendant-appellant committed a number of sexually oriented offenses against a young girl from the age of nine (9) through eleven (11). defendant-appellant also threatened to kill the young victim and her mother and burn the house down if she informed anyone of his conduct.State v. Striley (Dec. 29, 1997), Clermont App. No. 97-05-046, unreported; Kansas v. Hendricks (1997), 521 U.S. 346,117 S.Ct. 2072, 138 L.Ed.2d 501.
The trial court properly considered the relevant factors above mentioned in making its determination under R.C. 2950.09(B)(2). Defendant-appellant did not offer any mitigating evidence and/or failed to rebut the same. For these reasons, we find the trial court's decision that defendant-appellant was a "sexual predator" was based upon sufficient clear and convincing evidence. Defendant-appellant's third assignment of error is not well taken.
Defendant-appellant states as his eleventh assignment of error:
 XI. APPELLANT'S GUILTY PLEA IN THE CASE AT BAR WAS NOT KNOWINGLY AND VOLUNTARILY ENTERED, IN VIOLATION OF CRIM.R. 11(C), WHERE, APPELLANT WAS NOT INFORMED OF THE EFFECTS OF HIS PLEA.
Defendant-appellant argues his plea was not knowingly and intelligently made in violation of Crim.R. 11 since he was not informed of the application of R.C. 2950.09. However, for the reasons set forth in State v. Ward, supra, and in the interests of judicial economy, defendant-appellant's eleventh assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Appellate Procedure.
MICHAEL J. CORRIGAN, JUDGE
SPELLACY, P.J., and BLACKMON, J., CONCUR.